# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMARRIE RIVERS,<br><br>    Plaintiff,<br><br>    v.<br><br>MARRY ISRAEL, et al.,<br><br>    Defendants. | Case No. 1:25-cv-01250-SAB<br><br>ORDER OF REASSIGNMENT OF THIS MATTER TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION<br><br>(ECF No. 9)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

On September 22, 2025, Plaintiff Shermarrie Rivers, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Marry Israel. (ECF No. 1.) On September 23, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 4.) On October 8, 2025, the Court screened the complaint and found that it failed to state a claim. (ECF No. 6.) The Court gave Plaintiff leave to amend, and she timely filed an amended complaint. (ECF No. 9.) The Court now undertakes screening of the first amended complaint, pursuant to 28 U.S.C. § 1915A. As explained herein, the Court will recommend that this matter be dismissed because further leave to amend would be futile.

**I.**

**SCREENING REQUIREMENT**

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is "frivolous or malicious," or "fails to state a claim on which relief may be granted."

1   28 U.S.C. § 1915(e)(2).  In determining whether a complaint fails to state a claim, a court uses the
2   same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint need only
3   contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."
4   Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of
5   the elements of a cause of action, supported by mere conclusory statements, do not suffice."
6   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
7   555 (2007).

8         To survive screening, a plaintiff's claims must be facially plausible, which requires
9   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
10  for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962,
11  969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient,
12  and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the
13  plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

14        Moreover, federal courts are under a duty to raise and decide issues of subject matter
15  jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking.  Fed. R.
16  Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court
17  determines that subject matter jurisdiction is lacking, the Court must dismiss the case.  Id.; Fed. R.
18  Civ. P. 12(h)(3).

19        Leave to amend may be granted to the extent that the deficiencies of the complaint can be
20  cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.**

**COMPLAINT ALLEGATIONS**

23        Plaintiff is Shemarrie Rivers, who is currently incarcerated in the California Institution
24  for Women.  (ECF No. 9.)  Defendants are Donecia Wright, who works for CPS in Madera
25  County, and Marry Israel, legal guardian and foster parent to Plaintiff's child.  (Id. at pp. 2-3.)

26        Plaintiff alleges that Wright "removed my son without evidence[]."  (Id. at p. 3.)
27  Seemingly referring to her previous case in this Court, Rivers v. Wright, No. 1:19-cv-00916-
28

1  DAD-BAM, Judgment ECF No. 30 (E.D. Cal. June 8, 2020), Plaintiff states "[t]he United
2  Eastern District said . . . there were no evidence[] saying why [D.R.] was removed." (Id.)[1]

3  Plaintiff later alleges that Israel is a legal guardian, and she has to follow all court orders.
4  (Id. at p. 4.) Plaintiff explains that "[D.R.] is in her home and the legal guardian is not allowing
5  us to be in touch. The Juvenile Dependency Court order: [D.R.] biological mother can visit him
6  stay in touch through mail and attend all events at his schooling." (Id.) Plaintiff continues,
7  alleging that both Wright and Israel "are to follow all federal laws. Both of them work for child
8  custody[.] They have to follow Child Protective Custody and Juvenile Dependency laws. That
9  is the facts in both of my claims." (Id. at p. 5.)

10  In her prayer for relief, Plaintiff states, "I want the Courts to address my rights that [I] am
11  entitled to be in his life. I have my rights." (Id.)

## III.

## DISCUSSION

### A.   Plaintiff's Child Custody Claim

As narrowed by her amended complaint, the only claim the Court construes as Plaintiff bringing is one of child custody. As described in its previous screening order, the Court does not write on a blank slate. Plaintiff brought a lawsuit in 2019 that included a substantially similar child custody claim. The Hon. Barbara A. McAuliffe stated in her findings and recommendations that "the Court is without jurisdiction over [child custody] claims because they are exclusively matters of state law." Rivers v. Wright, No. 1:19-cv-00916-DAD-BAM, 2020 WL 3052253, at *2 (E.D. Cal. Apr. 1, 2020), F&R adopted, 2020 WL 3047796; see Ankenbrandt v. Richards, 504 U.S. 689, 702-704 (1992). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." Id., quoting Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir.1986).

In its previous screening order, the Court found that there had been no shift in the law that would alter this analysis and thus found that Plaintiff had failed to state a claim that could be

---

[1] The Court assumes that Plaintiff's child is a minor. Because the child's specific identity is not necessary for the disposition of this case, the Court will use the child's initials in its order. L.R 140(a)(i).

brought in federal court. (ECF No. 6.) Because Plaintiff has raised the exact same claim as before, the Court again finds that Plaintiff has failed to state a claim that can be brought in this Court.

### B. Leave to Amend

Generally, Federal Rule of Civil Procedure 15 advises courts that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001), quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990). The Supreme Court of the United States has offered the following factors that a district court should consider in deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). While in this Circuit prejudice carries the greatest weight among these factors, "a strong showing of any of the remaining Foman factors" can support dismissal with prejudice. Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Leave to amend would be futile in this matter. In its previous screening order, the Court explained exactly why Plaintiff's child custody claim failed in to state a claim that could be brought in federal court. The Court then liberally construed Plaintiff's original complaint and outlined the possible federal claims Plaintiff might otherwise be attempting to raise, along with the respective legal standards. Plaintiff's amended complaint doubles down on the child custody claim, abandoning any others. As stated above and in its last order, federal courts are without jurisdiction to hear child custody claims. Ankenbrandt, 504 U.S. at 702-04. Therefore, leave to amend would be futile here because any further amendment would still lead the Court to the same conclusion regarding Plaintiff's child custody claim. For this reason, the Court will recommend dismissal be with prejudice.

///

///

## IV.

## ORDER AND RECOMMENDATION

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

IT IS HEREBY RECOMMENDED that this case be dismissed with prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 30, 2025**

STANLEY A. BOONE
United States Magistrate Judge

5