**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERMARRIE RIVERS, | Case No. 1:25-cv-1250 KES SAB |
| Plaintiff, | ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE |
| v. | |
| MARRY ISRAEL, et al., | |
| Defendant. | (Doc. 11) |

Shermarrie Rivers, who is currently incarcerated, seeks to state a claim against Donecia Wright, who works for CPS in Madera County, and Marry Israel, the legal guardian and foster parent of Rivers' son. *See generally* Doc. 9. Rivers asserts the defendants "have to follow Child Protective Custody and Juvenile Dependency laws," and have failed to do so. *Id.* at 5.

The magistrate judge screened the amended complaint pursuant to 28 U.S.C. § 1915A and found this court is without jurisdiction over the child custody claims raised because they concern exclusively matters of state law. Doc. 11 at 2-4. As the court previously granted Rivers leave to amend and she failed to identify a claim that invokes the district court's jurisdiction, the magistrate judge determined that further leave to amend was futile. *Id.* at 4. The magistrate judge recommended the action "be dismissed with prejudice for failure to state a claim." *Id.* at 3.

The court served the findings and recommendations on Rivers and informed her that objections were due within 14 days. Doc. 11 at 5. The court also informed Rivers that failure to

1

file objections by the deadline may result in the waiver of rights on appeal. *Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). She did not file any objections, and the time to do so has expired.

In accordance with 28 U.S.C. § 636(b)(1), the court conducted a de novo review of this case. Having carefully reviewed the matter, the court concludes that the findings and recommendations concerning the claims and the lack of subject matter jurisdiction are supported by the record and by proper analysis. But as this court lacks subject matter jurisdiction, the dismissal is without prejudice. *See Kelly v. Fleetwood Enters., Inc.,* 377 F.3d 1034, 1036 (9th Cir. 2004) ("because the district court lacked subject matter jurisdiction, the claims should have been dismissed without prejudice"); *Hampton v. Pac. Inv. Mgmt. Co.*, 869 F.3d 844, 846 (9th Cir. 2017) ("[d]ismissals for lack of subject-matter jurisdiction ... must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case"). Accordingly, the action will be dismissed without prejudice for lack of subject matter jurisdiction, rather than the recommended dismissal with prejudice.

Based upon the foregoing, the Court **ORDERS**:

1. The findings and recommendations dated October 30, 2025 (Doc. 11) are **ADOPTED** in part.

2. The action is **DISMISSED** without prejudice.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   February 11, 2026   

_____
UNITED STATES DISTRICT JUDGE

2