# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SHERMARRIE RIVERS,

     Plaintiff,

     v.

MARRY ISRAEL,

     Defendant.

Case No. 1:25-cv-01250-KES-SAB

ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE

(ECF No. 16)

Pending before the Court is Plaintiff's motion to reopen a closed case. On February 11, 2026, the Court adopted in part the findings and recommendations from the assigned magistrate judge recommending that this matter be dismissed. (Doc. 13.) The Court dismissed the case without prejudice and judgment was entered. (Doc. 14.) On May 4, 2026, Plaintiff moved to reopen the case. (Doc. 16.)

**I.**

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1992). The moving party bears the burden of demonstrating that a basis for Rule 60(b) relief exists. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988). Rule 60(b) permits a district court to exercise its discretion to relieve a party from a final order or

judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered . . .; (3) fraud . . . misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  To obtain relief under Rule 60(b)(2), a movant must show that the newly discovered evidence: (1) existed at the time of the trial or order; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case.  Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990).

**II.**

**DISCUSSION**

In adopting the findings and recommendations, the Court adopted the finding that Plaintiff brought only a claim of child custody, over which the federal courts lack jurisdiction.  (Doc. 11.) Based on that fact, the Court dismissed the matter without prejudice.  (Doc. 13.)  In her motion to reopen, Plaintiff states the following in total:

> I want the case to be reopen[ed] due to the fact I was in prison and am willing to give the courts evidence[] of the child protective dependency courts order legal guardianship.  I got released on 4-3-26 and am in a shelter that is helping me with housing and employment.

(Doc. 16.)

Plaintiff has not met her burden under Rule 60(b).  As the Court lacks jurisdiction over the matter, any new evidence would not change the disposition of the case.  In any event, Plaintiff does not identify any new evidence, show that such evidence could not previously have been discovered through due diligence, or show that it would have been likely to change the disposition of the case. See Jones, 921 F.2d at 878.

/ / /

/ / /

/ / /

/ / /

/ / /

2

## III.

## ORDER

Accordingly, it is ORDERED that Plaintiff's motion to reopen the case is DENIED. (Doc. 16.)

IT IS SO ORDERED.

Dated:   May 8, 2026

_____
UNITED STATES DISTRICT JUDGE

3